FILED
CLERK, U.S. DISTRICT COURT

**OCT 2 5 2010**

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

REGINALD RENEE CUMMINGS,        )   No. CV 10-1608 GHK (FFM)
                                )
                 Petitioner,    )   ORDER RE SUMMARY
                                )   DISMISSAL OF ACTION WITHOUT
         v.                     )   PREJUDICE
                                )
RANDY GROUND, WARDEN,           )
                                )
                 Respondent.    )
_____)

        Petitioner constructively filed the instant Petition for Writ of Habeas
Corpus by a Person in State Custody ("Petition") on or about October 4, 2010.
The Petition appears to challenge petitioner's May 16, 2000 sentence for his
corporal injury to cohabitant conviction.

        As a matter of comity, a federal court will not entertain a habeas corpus
petition unless the petitioner has exhausted the available state judicial remedies
on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22,
102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly
provides that a habeas petition brought by a person in state custody "shall not be
granted unless it appears that -- (A) the applicant has exhausted the remedies
available in the courts of the State; or (B)(i) there is an absence of available State
corrective process; or (ii) circumstances exist that render such process ineffective
to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the

1  exhaustion requirement is to be waived, it must be waived expressly by the State,
2  through counsel. *See* 28 U.S.C. § 2254(b)(3).

3      Exhaustion requires that the prisoner's contentions be fairly presented to
4  the state courts, and be disposed of on the merits by the highest court of the state.
5  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been
6  fairly presented unless the prisoner has described in the state court proceedings
7  both the operative facts and the federal legal theory on which his claim is based.
8  *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865
9  (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438
10 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may
11 raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that
12 ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992);
13 *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also*
14 *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119
15 (1987).

16      Petitioner has the burden of demonstrating that he has exhausted available
17 state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).
18 Here, it plainly appears from the face of the Petition that petitioner cannot meet
19 this burden with respect to any of the claims being alleged by him. Petitioner
20 alleges that he did not seek direct review of his conviction or sentence with the
21 California Supreme Court. (*See* Pet. ¶¶ 4 and 5.) Petitioner also alleges that he
22 has not filed any collateral attack on his conviction or sentence. (*See* Pet. ¶ 6.)
23 Petitioner has not raised any claim with the California Supreme Court. Therefore,
24 the Petition is entirely unexhausted.
25 / / /
26 / / /
27 / / /
28 / / /

1    If it were clear that the California Supreme Court would hold that
2  petitioner's unexhausted federal constitutional claims were procedurally barred
3  under state law, then the exhaustion requirement would be satisfied.[1]  *See Castille*
4  *v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989);
5  *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F. 2d 1308, 1312
6  (9th Cir. 1991).  However, it is not "clear" here that the California Supreme Court
7  will hold that petitioner's federal constitutional claims are procedurally barred
8  under state law.  *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting
9  habeas relief where petitioner claimed sentencing error, even though the alleged
10 sentencing error could have been raised on direct appeal); *People v. Sorensen*,
11 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental
12 constitutional rights have been violated may be raised by state habeas petition).
13    The Court therefore concludes that this is not an appropriate case for
14 invocation of either exception cited above to the requirement that a petitioner's
15 federal claims must first be fairly presented to and disposed of on the merits by
16 the state's highest court.

---

24 [1]  In that event, although the exhaustion impediment to consideration of
25 petitioner's claims on the merits would be removed, federal habeas review of the
   claims would still be barred unless petitioner could demonstrate "cause" for the
26 default and "actual prejudice" as a result of the alleged violation of federal law, or
27 demonstrate that failure to consider the claims would result in a "fundamental
   miscarriage of justice."  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.
28 2546, 115 L. Ed. 2d 640 (1991).

1   IT THEREFORE IS ORDERED that this action be summarily dismissed

2   without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

3   in the United States District Courts.

4   LET JUDGEMENT BE ENTERED ACCORDINGLY.

5

6   DATED: _2/25/10_

7

8   GEORGE H. KING
    United States District Judge

9   Presented by:

10

11  /S/ FREDERICK F. MUMM

12  FREDERICK F. MUMM
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28